**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
RAVIV LAOR,                   :
                              :  Civil Action No. 08-4097 (NLH)
            Petitioner,       :
                              :
      v.                      :     **O P I N I O N**
                              :
FEDERAL BUREAU OF PRISONS,    :
et al.,                       :
                              :
            Respondents.      :
_____:

**APPEARANCES:**

    Raviv Laor, Petitioner pro se
    83907-054
    c/o BXCRC
    2534 Creston Avenue
    Bronx, NY 10468

    John Andrew Ruymann, AUSA
    Office of the United States Attorney
    402 East State Street, Suite 430
    Trenton, NJ 08608
    Attorneys for Respondents

**HILLMAN**, District Judge

Petitioner, Raviv Laor, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the following reasons, the petition must be dismissed as moot.

### BACKGROUND

On August 13, 2008, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenged the respondents' calculation of his eligibility for pre-release custody, pursuant to the "Second Chance Act," 18

U.S.C. § 3624(c)(2)(as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008) (docket entry 1).

On November 24, 2008, Respondents filed an answer to the petition stating that Petitioner had been lawfully considered for pre-release custody placement, and that the Bureau of Prisons did consider the five-factor criteria from 18 U.S.C. § 3621(b) and made the individualized determination required by the Second Chance Act in making the pre-release custody placement decision concerning Petitioner (docket entry 8).

On March 25, 2009, this Court received a letter from Respondents' counsel, J. Andrew Ruymann, Assistant United States Attorney, who informed the Court that Petitioner had been released to halfway house placement on March 24, 2009, and requested that this case be dismissed as moot (docket entry 20).

On April 6, 2009, Petitioner wrote a letter to the Court in opposition to Respondents' request that the matter be dismissed as moot (docket entry 21).  Petitioner argues that prison officials failed to consider placing him in home confinement, and that this Court "has the authority to grant 'effectual relief' as a remedy for the Bureau's abuse of discretion in [his] case by reducing [his] term of supervised release under 28 U.S.C. § 2243."

**DISCUSSION**

Petitioner's sole request for relief in the instant petition was release from confinement to a halfway house.  It is apparent from the information submitted to this Court that the relief requested by Petitioner has been accorded.  Federal courts are not empowered to decide moot issues.  See U.S. CONST. art. III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)(citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review.  See id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)). "Mootness has two aspects:  (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome."  Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).

In this case, Petitioner's claims are now moot.  When Respondents placed Petitioner into the halfway house, "the Petition became moot because Petitioner was no longer threatened with 'an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision.'"  Hagwood v. Grondolsky, 2009 WL 455499 (D.N.J. Feb. 19, 2009)(Hillman, J.)(unpubl.)(finding that Petitioner's placement into home confinement rendered his petition challenging the calculation of time for placement under the "Second Chance Act" moot)(quoting

3

Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  See also Chu v. Schultz, 2009 WL 689675 (D.N.J. Mar. 11, 2009)(Kugler, J.)(unpubl.)(also finding that Petitioner's placement into halfway house rendered Petition challenging calculation of time for placement under "Second Chance Act" moot); Speight v. Quintana, 2008 WL 4646122 (W.D. Pa. Oct. 17, 2008) (unpubl.) (because Petitioner has been released to a halfway house, his challenge under the "Second Chance Act" "is no longer of consequence to him; he no longer has the requisite 'personal stake' in the outcome of the litigation"); Burkey v. Marberry, – F.3d –, 2009 WL 385419 at *5 (3d Cir. Feb. 18, 2009)(holding that federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); cf. United States v. Johnson, 529 U.S. 53 (2000)(noting that statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).

In the instant case, because the issues are no longer "live" and because a controversy no longer exists, the issues raised in the instant petition are moot.

## **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed.  An appropriate Order accompanies this Opinion.

                                          s/Noel L. Hillman
                                          NOEL L. HILLMAN
                                          United States District Judge

At Camden, New Jersey

Dated:   April 8, 2009